UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT KEITH HOGAN, § <br> TDCJ # 1919128, § <br> § <br> Petitioner § <br> § <br> v. § <br> § <br> LORIE DAVIS, § <br> Texas Department of Criminal Justice § <br> Correctional Institutions Division Director, § <br> § <br> Respondent § | Civil Action <br> No. SA-16-CA-335-DAE |

# M E M O R A N D U M   D E C I S I O N

Before the Court are Petitioner Robert Keith Hogan's 28 U.S.C. § 2254 Habeas Corpus Petition (Docket Entry # 1) and Respondent's Answer seeking denial and dismissal of the Petition (Entry # 7).

## I.

In 2014, Hogan was convicted in Kerr County for forgery and was sentenced to three years in *State v. Hogan*, No. B-14-32 (Tex. 198th Jud. Dist. Ct., *jmt. entered* Dec. 5, 2014). He is serving his sentence with the Texas Department of Criminal Justice.

Hogan's § 2254 Petition contends: the August 24, 2014 revocation of his parole violated due process because he was not afforded a hearing, and his parole was revoked for a detainer that was in effect prior to his parole and was not a proper basis for revocation; the denial of parole on September 9, 2014 denied him due process because it was based on the same detainer; and he was not provided with adequate reasons for the denial of mandatory supervision on October 2, 2015 in

violation of due process. Hogan's State habeas corpus application filed November 11, 2015, raised similar issues, and was denied January 27, 2016. *Ex parte Hogan*, 84,363-2.

## II.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief. Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the state proceedings. Factual determinations of a state court are "presumed to be correct," and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### - A -

Hogan's claim that his parole was "revoked" on August 24, 2014 without a hearing is a misrepresentation of the record. The record shows that on July 10, 2014, the Parole Board voted to grant Hogan parole upon his successful completion of a substance abuse and therapeutic community program; however after the Board learned that there was a detainer on another forgery charge pending against Hogan, the Board denied parole and Hogan was removed from the pre-release program and remanded to the custody of the TDCJ Manuel Segovia Unit on September 9, 2014. *Ex parte Hogan*, No. 84,363-2 at 18; (Entry # 1-2 at 2-4.) Therefore Hogan's parole was not "revoked." Rather, he was denied parole. (Entry # 1-2 at 2.)

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). "[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest" implicating due process protections. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10, 107 S. Ct. 2415, 96 L. Ed. 2d 303 (1987). Under Texas law, parole lies in the complete and unfettered discretion of the Parole Board; accordingly, "Texas law does not create a liberty interest in parole that is protected by the Due Process Clause;" and it therefore "follows that because [the prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). Therefore, Hogan's complaint he was denied due process at the August 24, 2014 and September 9, 2014 parole proceedings fails to state a basis for habeas corpus relief. *See Johnson v. Rodriguez*, 110 F.3d 299, 308-09 & n.13 (5th Cir. 1997) (a prisoner has no protected liberty interest in parole proceedings, because parole under Texas law is discretionary ); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (same).

Furthermore these claims are barred by limitations. "[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). Title 28 U.S.C. § 2244(d)(1) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Hogan's challenges to the August 24, 2014 and September 9, 2014 parole proceedings are therefore barred by the one-year statute of limitations.

Moreover, Hogan presents no coherent argument or authority to support his claim that the detainer was not a valid basis for denying parole. "[C]onclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

### - B -

Pursuant to Texas law, a prisoner is entitled to release on mandatory supervision when his time served plus his accrued good-time equals his prison sentence. However, the reviewing parole panel has discretion to deny release if it determines "(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." Tex. Gov't Code § 508.149(b). In *Boss v. Quarterman*, 552 F.3d 425, 427 (5th Cir. 2008), the Fifth Circuit held that due process entitled a prisoner an opportunity to be heard and to written reasons for the denial of mandatory supervision, though the written reasons need not state the evidentiary basis for the parole panel's decision. Hogan acknowledges he was provided with such written notice informing him he was denied mandatory supervision because his "accrued good time is not an accurate reflection of his potential for rehabilitation" and "his release would endanger the public." (Entry # 1-2 at 5.) This is all due process requires.

The state court's denial of Hogan's claims is reasonably supported by the record and consistent with federal law as required by § 2254(d), *see Ex parte Hogan*, No. 84,363-2; therefore this Court is compelled to reach the same conclusion that Hogan's § 2254 Petition is without legal or factual merit and must be denied. Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where he fails to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996), or allegations that can be resolved on the record,

*Lawrence v. Lensing,* 42 F.3d 255, 258-59 (5th Cir. 1994).  Petitioner is not entitled to habeas relief or a hearing on his Petition because his claims are without legal merit, barred by limitations, or defied by the record.

### III.

Accordingly, Petitioner Hogan's § 2254 Petition is **DENIED** and **DISMISSED WITH PREJUDICE**.  All other pending motions are **DENIED** as moot.  Petitioner failed to make "a substantial showing of the denial of a federal right," and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** petitioner a certificate of appealability.  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 7, 2016.

_____
David Alan Ezra
Senior United States Distict Judge